### SAMUEL P. STRONG *v.* WILLIAM S. HOBBS.

Under the plea of the general issue, in an action of trespass for taking personal property, proof that the defendant took the property, and that it belonged to the plaintiff, will entitle the plaintiff to a verdict. If the defendant would avoid the effect of such evidence, he should plead a justification.

TRESPASS for taking a quantity of pine fence rails. Plea, the general issue, and trial by jury, December Term, 1847,—BENNETT, J., presiding.

On trial the plaintiff introduced evidence tending to prove, that in April, 1847, he caused a quantity of fence rails, belonging to him, to be drawn on to a farm in Panton, which was in the occupation of the defendant, and a portion of which had been the subject of a lawsuit between the plaintiff and one Solomon Hobbs, in relation to a division; that the rails were strewed along upon a line, which had been staked out by the plaintiff for the purpose of building a fence; and that the defendant soon afterwards gathered the rails together and drew them away and piled them in a different part of the same lot. It was not shown, that any farther act was ever done by the

24

defendant in relation to the rails. Upon this evidence the defendant claimed, that the plaintiff could not recover.

The court instructed the jury, that if the rails were the property of the plaintiff, and he had drawn them on to the lot and had scattered them along on the line which had been staked out, for the purpose of laying them into a fence, and the defendant drew them from the place where they were laid and piled them in a different part of the lot, the plaintiff had proved his declaration and was entitled to recover the value of the rails.

Verdict for plaintiff. Exceptions by defendant.

*P. C. Tucker* and *E. J. Phelps* for defendant.

*E. D. & F. E. Woodbridge* for plaintiff.

The opinion of the court was delivered by

KELLOGG, J. This was an action of trespass *de bonis asportatis,* and was tried by jury upon the general issue.

The plea of the defendant put the plaintiff upon the proof of his declaration, the material allegations of which were, that the rails in question were the propety of the plaintiff, and that the defendant took and carried them away. The testimony clearly tended to prove these allegations, and, if believed, and in the absence of any exculpatory proof, would entitle the plaintiff to a verdict. Any unlawful taking of, or intermeddling with, the property, by the defendant, was a trespass and would subject him to this action. If the defendant relied upon any matter of justification, he should have pleaded it; and not having done so, he could not give it in evidence. It is a well settled rule, that parties must be confined in their proof to the issue they have made. Under that issue the defendant could not give evidence of any matter of justification. But the case does not disclose any matter of justification. It is true, the case shows, that the defendant was in the occupation of the land, when the rails were laid by the plaintiff for the purpose of putting them into a fence; but it does not show in what capacity he was occupying, or that the rails were *unlawfully* placed upon the land, or that they were the occasion of injury to the land, and that the defendant re-

moved them to prevent such injury, or by the license of the plaintiff. And if such facts did appear, they would not be within the issue. If the party relied upon such a defence, he should have pleaded it, or it could not avail him. The court, then, might well instruct the jury, that, if they believed the testimony, the plaintiff was entitled to a verdict. There was no error in the charge, and the judgment of the county court is affirmed.